## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## NORTHERN DIVISION

### No. 2:16-CV-61-FL

| | |
|---|---|
| SUSAN W. VAUGHAN, an individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHANNON FOLTZ an individual, | ) |
| SAMANTHA HURD an individual, | ) |
| KRISTEN HARRIS an individual, | ) |
| KATHLYN ROMM an individual, | ) |
| DOUG DOUGHTIE an individual, RAY | ) |
| MATUSKO an individual, STEPHANIE | ) |
| RYDER an individual, CHUCK LYCETT | ) |
| an individual, MELANIE CORPREW an | ) |
| individual, HON. ROBERT TRIVETTE an | ) |
| individual, JAY BURRIS an individual, | ) |
| HON. AMBER DAVIS an individual, | ) |
| OFFICER DOE an individual, HON. | ) |
| EULA REID an individual, DARE | ) |
| COUNTY, CURRITUCK COUNTY, | ) |
| KILL DEVIL HILLS, DOES 1-10 | ) |
| individuals, MELISSA TURNAGE an | ) |
| individual, and KATHERINE | ) |
| MCCARRON, an individual. | ) |
| | ) |
| Defendants.[1] | ) |

ORDER

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b),United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") and supplemental memorandum and recommendation

---

[1] This court constructively amends the caption of this order to reflect the addition and removal of certain defendants as found in plaintiff's amended complaint. (See Am. Compl. (DE 13)).

("supplemental M&R"), wherein it is recommended that the court dismiss in part plaintiff's claims and allow certain claims to proceed. (DE 5; DE 10). Plaintiff timely filed objections to the M&R and supplemental M&R. (DE 6; DE 11). Thereafter, plaintiff filed an amended complaint, seeking to add as plaintiff her daughter, Jennifer Vaughan. (See Am. Compl. (DE 13)). In this posture, the issues raised are ripe for ruling. The court adopts some of the recommendations of the magistrate judge, albeit in part on different grounds, and undertakes herein its own frivolity review of the amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing in part plaintiff's claims and allowing certain claims to proceed.

## BACKGROUND

Plaintiff initiated this action by filing motion for leave to proceed in forma pauperis ("IFP") on August 15, 2016, accompanied by proposed complaint. All claims arise from defendants' alleged involvement in removal of both plaintiff's adult daughter, Jennifer Vaughan, and plaintiff's granddaughter and the daughter of Jennifer Vaughan, a minor child referred to as "EJV," from plaintiff's home.[2] Plaintiff asserts claims against defendants for constitutional violations pursuant to 42 U.S.C. § 1983 as well as conspiracy to violate those rights. Plaintiff seeks damages, attorneys fees, trial by jury, and injunctive relief.

In August 2013, plaintiff and her daughter, together with EJV, were residing at plaintiff's

---

[2] Plaintiff alleges claims against seven groups: 1) Dare County, Currituck County, and Kill Devil Hills; 2) state district court judges who presided over various district court hearings concerning the child welfare proceedings, defendants Eula Reid ("Reid"), Robert Trivette ("Trivette"), and Amber Davis ("Davis"); 3) DSS employees associated with the child welfare proceedings, defendants Shannon Foltz ("Foltz"), Chuck Lycett ("Lycett"), Jay Burrus ("Burrus"), Kristen Harris ("Harris"), Samantha Hurd ("Hurd"), and Kathlyn Romm ("Romm"); 4) DSS employees associated with the commitment proceedings, defendants Stephanie Ryder ("Ryder"), Melanie Corprew ("Corprew"), Melissa Turnage ("Turnage"), and Katherine McCarron ("McCarron"); 5) defendant Ray Matusko ("Matusko"), county clerk of Currituck County District Court; 6) defendant Doug Doughtie ("Doughtie"), who held the position of sheriff of Dare County at the time of plaintiff's allegations; and 7) generally named Does 1-10 and officer Does from the Kill Devil Hills police department.

home in Kill Devil Hills, North Carolina.[3]  In August 2013, the Dare County Department of Social

Services ("DSS") filed a petition alleging that EJV was neglected, thereby initiating a child welfare

case involving Jennifer Vaughan and EJV.  On August 13, 2013, Dare County DSS, accompanied

by officers from Kill Devil Hills Police Department, removed Jennifer Vaughan from plaintiff's

home pursuant to what plaintiff suggests was an involuntary civil commitment order.  (Am. Compl.

(DE 13) at 29).  The next day, Dare County DSS removed EJV from plaintiff's  physical custody

and placed the child into temporary foster care based on allegations that EJV was neglected.  Child

welfare proceedings in North Carolina district court ensued.  It also appears that adult protective

services division of Dare County DSS obtained guardianship over Jennifer Vaughan on or about this

time.  (Id. at 39).  Plaintiff attended both sets of proceedings.

Plaintiff is dissatisfied with the state courts' decisions not to return EJV to Jennifer

Vaughan's custody or plaintiff's home.  Plaintiff is also dissatisfied with the manner in which

Jennifer Vaughan, sought to be added as plaintiff, and EJV physically were removed from her home

and with the legal process that culminated in legal custody of EJV being awarded to Currituck

County DSS, EJV being adopted by persons unknown, guardianship over Jennifer Vaughan being

awarded to Dare County DSS, and Jennifer Vaughan being involuntarily committed multiple times.[4]

On May 8, 2017, the magistrate judge granted plaintiff's IFP petition and issued a M&R,

recommending that claims against certain defendants alleging violations of plaintiff's Fourth

Amendment rights should proceed and that plaintiff's remaining claims should be dismissed without

---

[3] The court incorporates the magistrate judge's background as provided in the M&R, as revised here to include information found in plaintiff's amended complaint.  (See M&R (DE 5) at 2-3).

[4] The child welfare proceedings were transferred from Dare County to Currituck County due to a conflict of interest caused by Dare County having guardianship over Jennifer Vaughan and legal custody of EJV.

prejudice.  Plaintiff filed objections to the M&R on May 23, 2017, challenging the magistrate judge's determinations concerning the dismissal recommendations.  On May 24, 2017, this court noted in a text order that plaintiff had filed a 50 page objection, on the heels of a 92 page complaint, seeking in part to clarify her operative pleading.  The court recommitted the matter to the magistrate judge pursuant to Federal Rule of Civil Procedure 72(b)(3) to review plaintiff's objections and address the same in supplement to the M&R.

On June 22, 2017, the magistrate judge issued a supplemental M&R, recommending plaintiff's following claims proceed:

1)      § 1983 and § 1985 conspiracy claims against DSS defendants Burrus, Corprew, Foltz, Lycett, and Ryder and defendants officer Does of the Kill Devil Hills police department alleging violations of plaintiff's Fourth Amendment rights and

2)      § 1983 procedural due process claims against DSS defendants Burrus, Corprew, Foltz, Harris, Hurd, Lycett, Romm, and Ryder and defendant Matusko, clerk of superior court for Dare County, alleging injury to reputation regarding plaintiff's placement on the list of "responsible individuals" pursuant to N.C. Gen. Stat. § 7B-311.

The magistrate judge recommended the following claims be dismissed without prejudice:[5]

1)      §1983 substantive and procedural due process claims and related § 1985 conspiracy claims against all DSS defendants arising under the Fourteenth Amendment as it pertains to child welfare proceedings of EJV and civil commitment proceedings as it pertains to plaintiff's daughter, Jennifer Vaughan;

2)      claims against defendants Reid, Trivette, and Davis, including a First Amendment claim against Reid;

3)      claims against Doughtie, for "obstruction of justice";

---

[5]  The magistrate judge also recommended the dismissal of the following claims which plaintiff has removed from her amended complaint and therefore which the court need not address:  claims against the state of North Carolina and North Carolina Indigent Defense Services; claims against Merlee Austin, former clerk of superior court for Dare County; claims against attorney Susan Harmon-Scott, guardian ad litem to Jennifer Vaughan; and claims against attorneys Meader Harriss and Courtney Hull.

4)      claims against Currituck County, Dare County, and Kill Devil Hills; and

5)      § 1983 procedural due process claims alleging injury to reputation regarding a judicial finding that plaintiff, as caretaker of her grandchild, was responsible for neglect.

On July 10, 2017, plaintiff filed objections to the supplemental M&R, again challenging the magistrate judge's determinations concerning the dismissal recommendations. Amended complaint then was filed on August 25, 2017, seeking in part to add as plaintiff Jennifer Vaughan.[6]

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed.  28 U.S.C. § 636(b).  The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact."

_____

[6] On September 5, 2017, the court allowed plaintiff to file her August 25, 2017 amended complaint as of right, see Fed. R. Civ. Pro. 15, but did not address issues regarding the addition of Jennifer Vaughan as plaintiff.

Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

The court will first address Jennifer Vaughan's competency to be joined as plaintiff. The court will then address immunity concerns and thereafter address the merits of plaintiff's due process, Fourth Amendment, and injury to reputation claims. The court then will address plaintiff's claims against defendants Doughtie, Currituck County, Dare County, and Kill Devil Hills. Finally, the court will address plaintiff's request for preliminary injunction.

1.     Competency of Jennifer Vaughan

At the outset, the court must address plaintiff's request to add her daughter Jennifer Vaughan as plaintiff. Plaintiff alleges that defendants Turnage and McCarron are Jennifer Vaughan's appointed guardians. Jennifer Vaughan involuntarily was committed, and apparently so remains. (Am. Compl. (DE 13) at 67).

Plaintiff's attempt to add her daughter as a party plaintiff is a blatant effort to defeat the state

authorized guardianship. Moreover, it smacks of the unauthorized practice of law before this court. Plaintiff, proceeding pro se, is the architect of this lawsuit. She cannot represent anyone other than herself in this instance. See Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for oneself, however, does not create a coordinate right to litigate for others."). Plaintiff's attempt to add Jennifer Vaughan to plaintiff's side of the case caption and assert her interests directly in this case must fail. Amendment in this respect is rendered a nullity.

    2.    Immunity

Turning to immunity concerns, plaintiff in her objections to the supplemental M&R does not raise specific objections to any component of the magistrate judge's immunity analysis except regarding the state district court judges, which the court addresses below. Accordingly, the court reviews the rest of the magistrate judge's immunity analysis for clear error.

Upon careful review of the record and the M&R and supplemental M&R, the court adopts in full the immunity analysis of the magistrate judge that recommended that a finding of immunity for DSS employees, defendant Matusko as county clerk, defendant Doughtie as sheriff, and the unnamed officer Does is premature at this stage in the litigation. (See M&R (DE 5) at 9-15, 22; Supp. M&R (DE 10) at 7-10 (citing Vosburg v. Dep't of Soc. Servs., 884 F.2d 133, 138 (4th Cir. 1989) ("We emphasize, however, that our grant of absolute immunity applies only to those activities of social workers that could be deemed prosecutorial. We in no way intend our decision to be read as holding that such workers are immune from liability arising from their conduct in investigating the possibility that a removal petition should be filed."); McCray v. Maryland, 456 F.2d 1, 4 (4th Cir. 1972) (rejecting argument that court clerks are immune from suit where they fail "to perform a required ministerial act"), abrogated on other grounds, Pink v. Lester, 52 F.3d 73, 77 (4th

Cir.1995); Gomez v. Toledo, 446 U.S. 635, 639-40 (1980) (holding in a § 1983 action against a public official whose position might entitle him to qualified immunity, a plaintiff need not allege that the official acted in bad faith in order to state a claim for relief; burden is on defendant to plead good faith as an affirmative defense)).

Turning to plaintiff's objections to the magistrate judge's immunity analysis, plaintiff argues that her claims against defendants Reid, Trivette, and Davis should not be dismissed based on judicial immunity. Plaintiff suggests that because plaintiff's right of due process was violated during her grandchild's child welfare proceedings and because DSS lacked authority to initiate the original child welfare investigation, the judges that oversaw the case lack subject-matter jurisdiction and therefore cannot maintain judicial immunity. (See Pl.'s Obj. (DE 11) at 1-4, 12-14). Plaintiff offers the following illustration: "For example[,] judges wouldn't have authority over a person accused of eating a peanut better sandwich after dark, just because that person lives in a certain district where a judge normally has jurisdiction, because that act is not a crime." (Id. at 4).

The magistrate judge correctly set out and applied the law of absolute immunity. As set out in the M&R and supplemental M&R, "judges are absolutely immune from suit for a deprivation of civil rights" for actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992); see Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (interior citation omitted).

Here, defendant judges are North Carolina district court judges and therefore have "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused,

neglected, or dependant." N.C. Gen. Stat. §§ 7B-101, -200a. This includes jurisdiction over cases involving juveniles that are found <u>not</u> to be abused, neglected, or dependant, or in cases where DSS did not conform to the necessary or appropriate procedures in its investigation, because it is the province of North Carolina district court judges to so determine.

Plaintiff numerous times argues that DSS and other authorities failed to conform to the necessary procedures in their investigation of plaintiff and her family and in the hearings that followed. (<u>See, e.g.</u>, Pl.'s Obj. (DE 11) at 2-9). Here, whether or not DSS and other authorities, including the defendant judges, conformed with the applicable procedures, statutes, and law in reaching the determination that EJV and Jennifer Vaughan should be removed from plaintiff's home is irrelevant to a determination of subject-matter jurisdiction of North Carolina district courts over such proceedings, as stated above, and does not compromise judicial immunity. <u>See</u> <u>McCray</u>, 456 F. 2d at 3 ("The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption.").

Therefore, the court agrees with the magistrate judge that defendants Reid, Trivette, and Davis retain absolute immunity from plaintiff's claims and that plaintiff's claims against such defendants must be and are hereby dismissed with prejudice.

3.      Due Process Claims

Plaintiff's primary claims in this case fall under § 1983 and appear to be assertions that her rights to substantive and procedural due process in state child welfare and state civil commitment proceedings have been violated.

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any

person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Due process consists of both substantive and procedural due process components, both of which are asserted here. See Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach, 420 F.3d 322, 328 (4th Cir. 2005). "In order to prevail on either a procedural or substantive due process claim, [plaintiffs] must first demonstrate that they were deprived of life, liberty, or property by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (interior citation omitted). For a substantive due process claim, a plaintiff must also show that the state's action is so arbitrary and egregious that it "shocks the conscience." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

a.     Due Process Claims Regarding Child Welfare Proceedings

In order to state a substantive or procedural due process claim to survive frivolity review, plaintiff must assert a constitutionally protected liberty interest, and she has failed to do so. See Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) ("In order to rely on the due process clause, Weller must have a protectible interest. In this case, Weller clearly does have a protectible liberty interest in the care and custody of his children. However, other asserted liberty interests are not among those protected by the due process clause.").

Although the Supreme Court has recognized a "fundamental liberty interest of natural parents in the care, custody, and management of their child," Santosky v. Kramer, 455 U.S. 745, 753 (1982), this right does not extend to the child's grandmother who has no constitutionally recognized right to visitation and also, therefore, no constitutionally recognized right to grandparent-grandchild companionship. See Troxel v. Granville, 530 U.S. 57, 71 (2000) (holding state visitation order granting visitation to grandparents was an unconstitutional infringement of the mother's "fundamental right to make decisions concerning the care, custody, and control of her two

daughters"); see also Buck v. Greenlee, No. 3:10-CV-540-RJC-DSC, 2011 WL 4595262, at *7 (W.D.N.C. Sept. 30, 2011) (citing Troxel) ("Grandparents have no constitutional right to visitation"), aff'd, 465 F. App'x 244 (4th Cir. 2012).

In the supplemental M&R, the magistrate judge correctly notes that "the case law in this area is unsettled and there appears to be no instructive Fourth Circuit opinion" regarding the recognition of a grandparent's constitutionally protected interest with regard to the companionship of her grandchild. (Supp. M&R (DE 10) at 22). The magistrate judge therefore recommended that plaintiff's §1983 due process claim not be dismissed because plaintiff lacks a constitutionally protected interest with regard to her grandchild, but because "plaintiff's claims that she was deprived of her due process rights to family integrity would be directed to the defendant judges, who are, as described above, absolutely immune from damages liability." (Id. at 23-25 (citing Pittman v. Cuyahoga County Dept. Of Children and Family Services, 640 F. 3d 716 (6th. Cir. 2011)). The Fourth Circuit, however, has instructed district courts to "exercise judicial self restraint and utmost care in novel substantive due process cases." Waybright v. Frederick County, 528 F.3d 199, 204 (4th Cir. 2008) (citing Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125 (1992) (interior quotations omitted)). The court is unaware of any Supreme Court or Fourth Circuit authority that recognizes a constitutionally protected liberty interest of a grandparent with regard to her grandchild; therefore, the court declines to add such a right within the protections of the due process clause.[7]

---

[7] The magistrate judge recommended that even if plaintiff had a legally cognizable interest underlying her due process claims, all such claims would be barred by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983) (holding that federal courts are prohibited from sitting "in direct review of state court decisions"). Because the court determines that plaintiff has no legally cognizable interest underlying her due process claims, it is unnecessary for the court to determine if such a broad application of the Rooker-Feldman doctrine is consistent with the Fourth Circuit's holding in Thana v. Bd. of License Commissioners for Charles

Therefore, plaintiff has failed to assert a constitutionally protected interest in order to state a due process claim regarding the challenged state child welfare proceedings. Additionally, her § 1983 allegations of conspiracy related to her deprivation of the constitutionally protected interest must also fail. See Glassman v. Arlington Cty., VA, 628 F.3d 140, 150 (4th Cir. 2010) ("Because we hold that the defendants' actions in this case did not result in the 'deprivation of a constitutional right,' we conclude that Glassman's civil conspiracy claim was properly dismissed.").[8]

b.      Due Process Claims Regarding State Civil Commitment Proceedings

The magistrate judge correctly set forth that the Supreme Court has not recognized a constitutionally protected right to the companionship of an adult child and has extended liberty interests of parents under the Due Process Clause only for parents' relationships with minor children. See Meyer v. Nebraska, 262 U.S. 390, 399 (1923) (involving a minor child); Prince v. Massachusetts, 321 U.S. 158, 166 (1944) (same); Troxel, 530 U.S. at 66 (same); Wisconsin v. Yoder, 406 U.S. 205, 213-14 (1972) (same); see also Evans v. Pitt Cty. Dep't of Soc. Servs., 972 F. Supp. 2d 778, 783 and 794–95 (E.D.N.C. 2013) ("Plaintiff's normative argument that she should have a liberty interest in her familial [adult] child-parent relationship is simply not supported by constitutional case law."), vacated in part, appeal dismissed in part sub nom. Evans v. Perry, 578 F. App'x 229 (4th Cir. 2014), aff'd in part, 616 F. App'x 636 (4th Cir. 2015).[9]

---

Cty., Maryland, 827 F.3d 314, 319 (4th Cir. 2016).

[8] The magistrate judge construed plaintiff's civil conspiracy claims to be brought pursuant to 42 U.S.C. § 1985 instead of 42 U.S.C. § 1983. Because a plaintiff must show that the alleged conspiracy brought pursuant to § 1985 was motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus," Griffin v. Breckenridge, 403 U.S. 88, 102 (1971), and no such motivations are alleged here, the court analyzes plaintiff's conspiracy allegations pursuant to § 1983.

[9] Additionally, plaintiff alleges no facts in either her complaint or amended complaint or in either of her objections to the M&R or supplemental M&R that she had or has legal guardianship of her daughter or legal custody of her grandchild and alleges facts that indicate otherwise. (See, e.g., Am. Compl. (DE 13) at 17 (plaintiff needed written

Therefore, the court holds that plaintiff has failed to assert a constitutionally protected interest in order to state a due process claim regarding the challenged state civil commitment proceedings. Additionally, her allegations of conspiracy related to her deprivation of the constitutionally protected interest must also fail. See Glassman, 628 F.3d at 150.

### 4. Fourth Amendment Claims

Plaintiff additionally assert claims against defendants Foltz, Lycett, Ryder, Turnage, McCarron, and unnamed Kill Devil Hills police officers alleging violations of her Fourth Amendment right to be free from unreasonable governmental searches and seizures.

"The Fourth Amendment protects against unreasonable searches and seizures." Wildauer v. Frederick Cty., 993 F.2d 369, 372 (4th Cir. 1993) (citing United States v. Place, 462 U.S. 696 (1983)). While still governed by the Fourth Amendment, "investigative home visits by social workers are not subject to the same scrutiny as searches in the criminal context." Id. at 372 (citing Wyman v. Jones, 400 U.S. 309, 318 (1971)).

Plaintiff alleges that an unidentified Kill Devil Hills police officer along with defendants Turnage and McCarron unlawfully entered her home sometime in February 2015. (Am. Compl. (DE 13) at 70-71).[10] Plaintiff alleges that these persons demanded entrance to her home to speak with Jennifer Vaughan, that these persons lacked a court order or other legal process, that Jennifer Vaughan had opened the door for another reason and then subsequently attempted to close it, and that the police officer placed his foot in the doorway to prevent the door closing. (Id.) Plaintiff

permission from mother to take EJV to pediatrician); 35 (petition filed by Dare County DSS alleged neglect and dependency "due to mother's inability to care"; 29, 32 and 33 (efforts taken by plaintiff to secure daughter's power of attorney)).

[10] Plaintiff's amended complaint identifies defendants Turnage and McCarron as the previously unnamed employees of Dare County DSS that entered plaintiff's home. (See Am. Compl. (DE 13) at 71; M&R (DE 5) at 21).

alleges that a physical struggle ensued, wherein plaintiff and Jennifer Vaughan pushed against the door but were prevented from closing it by the police officer. (Id.)  Plaintiff alleges that the police officer finally removed his foot and stated that he would return with "with papers" and would "break down" plaintiff's door. (Id.).  Plaintiff also alleges other unlawful entries of her home by defendants Ryder, Foltz, Lycett, and Kill Devil Hills police officers, although plaintiff notes that these entries may have been conducted pursuant to court orders, which the court does not currently have before it. (Id. at 26-27 and 33).

The court agrees with the magistrate judge that plaintiff has alleged sufficient facts to withstand frivolity review as to these Fourth Amendment claims and that proper analysis of these incidents requires additional clarity regarding the court orders involved.  "[P]hysical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." Payton v. New York, 445 U.S. 573, 585 (1980) (quoting United States v. United States District Court, 407 U.S. 297, 313 (1972)).  Plaintiff has alleged such entry by the government in some cases without a warrant and in all cases without consent.

However, the court disagrees with the magistrate judge that plaintiff's conspiracy claims, construed as brought under 42 U.S.C. § 1983, allege facts sufficient to survive frivolity review. (See Am. Compl. (DE 13) at 15 ("All defendants interfered, directly or indirectly in [plaintiff's] constitutional right to be free from unlawful searches and seizures, with [her] right to enjoy the peace and privacy of [her] own home . . . .")).  Therefore, plaintiff's § 1983 claims alleging conspiracy to deprive plaintiff of her Fourth Amendment rights are dismissed without prejudice. See Nemet Chevrolet, Ltd., 591 F.3d at 255 (the court does not consider "bare assertions devoid of further factual enhancement").

5.     Injury to Reputation Claims

An injury to reputation claim based on denial of procedural due process is premised on two rights guaranteed by the Fourteenth Amendment:  1) "the liberty to engage in any of the common occupations of life" and 2) "the right to due process [w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him."  Sciolino v. City of Newport News, Va., 480 F.3d 642, 646 (4th Cir. 2007) (alteration in original) (citations omitted) (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 572 (1972) and Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971)).  However, the Supreme Court has held that reputation alone does not implicate any "liberty" or "property" interest sufficient to invoke the procedural protection for the due process clause and something more than simple defamation, for example "some more tangible interests such as employment," must be involved to establish a claim under § 1983.  Paul v. Davis, 424 U.S. 693, 701 (1976).

Plaintiff alleges that plaintiff's placement on the list of "responsible individuals" pursuant to N.C. Gen. Stat. § 7B-311 has impaired her employment prospects and identifies DSS defendants Burrus, Corprew, Foltz, Harris, Hurd, Lycett, Romm, and Ryder and defendant Matusko as the individuals who caused the injury.[11]  Plaintiff alleges that the social workers lied or misrepresented facts in the underlying child welfare matter that resulted in her placement on the list and that defendant Matusko intentionally failed to perform ministerial duties required by state law involving plaintiff's rights under N.C. Gen. Stat. § 7B-323.

Plaintiff does not raise specific objections to any component of the magistrate judge's

---

[11]  N.C. Gen. Stat. § 7B-311 provides in relevant part that the "Department of Health and Human Services shall maintain a central registry of abuse, neglect, and dependency cases and child fatalities that are the result of alleged maltreatment that are reported under the Article . . . .   The Department shall also maintain a list of responsible individuals."

analysis regarding plaintiff's injury to reputation claims. Accordingly, the court reviews the magistrate judge's analysis for clear error. Upon careful review of the record and the M&R and supplemental M&R, the court adopts in full the analysis of the magistrate judge that recommended plaintiff's injury to reputation claim regarding plaintiff's placement on the "responsible list" be allowed to proceed against defendants Burrus, Corprew, Foltz, Harris, Hurd, Lycett, Matusko, Romm, and Ryder and all other potential injury to reputation claims be dismissed. (Supp. M&R (DE 10) at 16-19).

      6.     Claims Against Defendant Doughtie

In objecting to the magistrate judge's recommendation of dismissal of claims against defendant Doughtie, who held the position of Sheriff of Dare County at the time of plaintiff's allegations, plaintiff asserts that the sheriff conspired to obstruct justice by lying to plaintiff that he needed to be paid to serve her subpoena to acquire EJV's medical records to present to the court. (Pl.'s Obj. (DE 11) at 10 ("As the [supplemental] M&R notes, there was no requirement that Plaintiff pay Sheriff Doughtie to serve her subpoena, however Doughtie claimed that it was a requirement for all subpoena service, and therefore used that erroneous excuse to block the fulfilment of that subpoena").

Plaintiff is correct that there is no requirement for the sheriff to serve her subpoena, as noted by the magistrate judge, but there is a requirement under North Carolina law for an advance payment of thirty dollars for each subpoena served. N.C. Gen. Stat. § 7A-311(a). Because plaintiff appears to allege only that the sheriff lied with respect to whether a fee is required for subpoena service, and because such a fee is required, the court agrees with the magistrate judge that plaintiff's claims against the sheriff must and is hereby dismissed without prejudice.

7. Claims against Dare County, Currituck County, and Kill Devil Hills

To plead a § 1983 claim against a municipality or local government entity, a plaintiff must allege facts sufficient to support a finding that the alleged unconstitutional action was taken pursuant to an official policy, procedure, or custom of the local governing body. Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691 (1978); see also Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987).

Plaintiff does not raise specific objections to any component of the magistrate judge's analysis regarding plaintiff's claims against Dare County, Currituck County, and Kill Devil Hills. Accordingly, the court reviews the magistrate judge's analysis for clear error.

Upon careful review of the record and the M&R and supplemental M&R, the court adopts in full the analysis of the magistrate judge that recommended plaintiff's claims against Dare County, Currituck County, and Kill Devil Hills be dismissed. (See M&R (DE 5) at 24-26; Supp. M&R (DE 10) at 29).

8. Request for Injunction

In her objections to the supplemental M&R and for the first time, plaintiff requests an injunction against Dare County and District 1, to prevent further "involvement in the lives of Plaintiff's family members," noting that adult protective services have again committed Jennifer Vaughan and that DSS has arranged for the adoption of EJV. (See Pl.'s Obj. (DE 11) at 15-16; see also id. at 15 ("Plaintiff believes that District 1 has set up a well-oiled machine of taking children from good families for federal monies, and all involved are responsible for violating Plaintiff's, the mother's and EJV's constitutional rights .")).

Plaintiff must establish the following to obtain a temporary restraining order or a preliminary

injunction: 1) that she is likely to succeed on the merits; 2) that she is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in her favor; and 4) that an injunction is in the public interest. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).

Plaintiff's showing is woefully lacking. While certain claims have survived frivolity review, plaintiff has not demonstrated that she is likely to succeed on the merits of the claims remaining, nor, among other things, that her request for an injunction is in the public interest. Accordingly, plaintiff's request for injunctive relied must be and is DENIED.[12]

## CONCLUSION

Based on the foregoing, upon <u>de</u> <u>novo</u> review of those portions of the supplemental M&R to which objections were raised, and upon considered review of the remaining portions of the supplemental M&R and M&R, the court ADOPTS IN PART the recommendations of the magistrate judge, albeit in part on different grounds as set forth herein. The court conducts its own frivolity review as to claims not previously considered by the magistrate judge. The following claims upon amended complaint are allowed to proceed:

1)   §1983 claim against defendants Burrus, Coprew, Foltz, Lycett, Ryder, Turnage, McCarron, and Officer Does of the Kill Devil Hills police department arising under the Fourth Amendment and

1)   §1983 procedural due process claim against defendants Burrus, Corprew, Foltz, Harris, Hurd, Lycett, Matusko, Romm, and Ryder arising under the Fourteenth Amendment alleging injury to reputation regarding plaintiff's placement on the list

---

[12]   Additionally, plaintiff requests attorney's fees in this action. The Civil Rights Attorney Fee Awards Act of 1976 permits courts to grant reasonable fees to the "prevailing party" in certain civil rights actions including those brought pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1988. However, this explicit statutory authority does not apply to a successful pro se plaintiff. <u>See</u> <u>Kay v. Ehrler</u>, 499 U.S. 432, 438 (1991) (holding that an attorney who successfully represented himself in a civil rights action was not entitled to an award of attorney's fees under 42 U.S.C. § 1988). Here, plaintiff is precluded from receiving attorney's fees because she is not represented by counsel.

of "responsible individuals" pursuant to N.C. Gen. Stat. § 7B-311.

Plaintiff's claims against defendants Reid, Trivette, and Davis are DISMISSED WITH PREJUDICE.

Plaintiff's remaining claims are DISMISSED without prejudice. Plaintiff's attempt to join Jennifer Vaughan as a party plaintiff is rendered a nullity.

Plaintiff's request for preliminary injunction is DENIED. Plaintiff's request for attorneys fees is DENIED.

Plaintiff shall prepare summonses for the following defendants who remain: Burrus, Coprew, Foltz, Lycett, Ryder, Turnage, McCarron, Harris, Hurd, Matusko, and Romm. Plaintiff must provide an address for each defendant on the summonses. The clerk is directed to send plaintiff the form for summons with this order. Upon receipt of such proposed summonses, following clerk's signature and seal, the court DIRECTS the clerk to coordinate service of summonses and copies of plaintiff's amended complaint to each defendant by a United States marshal or deputy marshal. <u>See</u> Fed. R. Civ. P. Rule 4(c)(3). Defendants, absent any extension, shall have 21 days from date of service within which to respond to the amended complaint as herein limited. <u>See</u> Fed. R. Civ. P. Rule 12(a).

SO ORDERED, this the 27th day of October, 2017.

Louise V. Flanagan
LOUISE W. FLANAGAN
United States District Judge