IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:16-CV-61-FL

| | |
|---|---|
| SUSAN W. VAUGHAN, an individual )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHANNON FOLTZ an individual, )<br>SAMANTHA HURD an individual, )<br>KRISTEN HARRIS an individual, )<br>KATHLYN ROMM an individual, )<br>RAY MATUSKO an individual, )<br>STEPHANIE RYDER an individual, )<br>CHUCK LYCETT an individual, )<br>MELANIE CORPREW an individual, , )<br>JAY BURRIS an individual, DOES 1-10 )<br>individuals, MELISSA TURNAGE an )<br>individual, and KATHERINE )<br>MCCARRON, an individual. )<br>)<br>Defendants.[1] ) | ORDER |

This matter comes now before the court on plaintiff's motion for clarification of the court's October 27, 2017, order, which the court initially construed as a motion to amend, as noted in text order entered April 4, 2018. Upon further review, the court has determined this motion more accurately sounds as a motion for reconsideration. No good cause having been shown, said motion (DE 57) is DENIED.

The matter comes before the court also for address of the case schedule. ***Pro se plaintiff, take note the court sets aside the clerk's letters to you prescribing deadlines for any response to***

---

[1] The court constructively amends the caption to reflect the dismissal of previously-named defendants.

*the two summary judgment motions of record. (DE 64, 68).* Plaintiff is accorded more time to make her responses to those motions as set forth herein.

Pursuant to Federal Rule of Civil Procedure 26(f), the parties were directed to submit separate reports and plans for the management of this action. After reviewing defendants' report and plan filed April 4, 2018, where plaintiff has filed no report and plan and the time to do so has expired, and considering the issues raised, the court orders the following:

### I. Discovery

A. Initial disclosures pursuant to Rule 26(a)(1) are due on or before **April 30, 2018.**

B. Discovery will be necessary on the following subjects only: 1) plaintiff's claim for alleged violations of her Fourth Amendment rights for the defendants' entry into her home and 2) plaintiff's claim pursuant to the Fourteenth Amendment for lack of procedural due process and injury to reputation for her alleged placement on a list of individuals who have committed serious child abuse.

C. All discovery shall be commenced or served in time to be completed by **July 15, 2018**.

D. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party.[2] Responses are due 30 days after service of those interrogatories.

E. No party shall serve more than 25 requests for admissions to any other party. Responses are due 30 days after service of those requests for admissions.

F. There shall be no more than 10 depositions by plaintiff and 10 by defendants.

---

[2] For the purposes of this order, plaintiff is one party and defendants consist of two parties: first, defendants Shannon Foltz, Samantha Hurd, Kristen Harris, Kathlyn Romm, Stephanie Ryder, Chuck Lycett, Melanie Corprew, Jay Burrus, Melissa Turnage, and Katherine McCarron (collectively, "DSS defendants"), and, second, defendant Ray Matusko.

G. Each deposition shall be limited to 7 hours, unless otherwise agreed by the parties.

H. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule.

I. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See FED. R. CIV. P. 29.

L. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

1. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

2. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order

shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3. A proposed protective order also shall include the following language: "When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order.'"

4. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

## II. Motions

A. Any motion shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

B. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by the parties by **May 16, 2018**.

C. Plaintiff has until **August 15, 2018** to file responses to defendants' motions for summary judgment. (DE 60, DE 65). Defendants will have **14 days** after the filing of plaintiff's responses to file any replies. All other potentially dispositive motions shall be filed by **August 15, 2018.**

D. Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, unless the time for filing such a motion is

extended for good cause shown. Such motions ordinarily will be referred to a magistrate judge for ruling.

E. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

### III. Alternative Dispute Resolution ("ADR")

A. A settlement procedure is required in virtually every case, to be conducted before the final pretrial conference.

B. After consideration of issues bearing on ADR, the court dispenses with requirement for resort to any ADR procedure in this case.

### IV. Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate. The case schedule set forth herein shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 16th day of April, 2018.

LOUISE W. FLANAGAN
United States District Judge