IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:16-CV-61-FL

| | |
|---|---|
| SUSAN W. VAUGHAN, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHANNON FOLTZ an individual, ) | |
| SAMANTHA HURD an individual, ) | |
| KRISTEN HARRIS an individual, ) | |
| KATHLYN ROMM an individual, ) | ORDER |
| RAY MATUSKO an individual, ) | |
| STEPHANIE RYDER an individual, ) | |
| CHUCK LYCETT an individual, ) | |
| MELANIE CORPREW an individual, ) | |
| JAY BURRIS an individual, DOES 1-10 ) | |
| individuals, MELISSA TURNAGE, ) | |
| KATHERINE MCCARRON, OFFICER ) | |
| MIKE SUDDUTH, and OFFICER CARL ) | |
| WHITE, ) | |
| ) | |
| Defendants.[1] | |

This matter comes before the court on multiple motions, fully briefed and ripe for decision. These include plaintiff's motion for amendment of number of plaintiff interrogatories, (DE 83), plaintiff's motion for extension of time for discovery and to file response to summary judgment, (DE 84), and plaintiff's response to defendants' opposition to plaintiff's motion to amend and extent time and plaintiff's motion to compel, (DE 97). Also before the court is plaintiff's just filed motion to

---

[1] The court constructively amends the caption reflecting the addition of certain defendants as found in plaintiff's amended complaint. (See DE 72, DE 79). The court additionally corrects the spelling of defendant Mike Sudduth's name, previously spelled as "Mide Sudduth." (See DE 105)

strike correct and request for documents, (DE 117).

## BACKGROUND

Only an abbreviated background to the present case is necessary to the resolution of the instant motions. As previously stated by the court:

> Plaintiff initiated this action by filing motion for leave to proceed in forma pauperis ("IFP") on August 15, 2016, accompanied by proposed complaint. All claims arise from defendants' alleged involvement in removal of both plaintiff's adult daughter, Jennifer Vaughan, and plaintiff's [grandchild] and the [child] of Jennifer Vaughan, a minor child referred to as "EJV," from plaintiff's home. Plaintiff asserts claims against defendants for constitutional violations pursuant to 42 U.S.C. § 1983 as well as conspiracy to violate those rights. Plaintiff seeks damages, attorneys fees, trial by jury, and injunctive relief.

Vaughan v. Foltz, No. 2:16-CV-61-FL, 2017 WL 4872484, at *1 (E.D.N.C. Oct. 27, 2017), reconsideration denied, No. 2:16-CV-61-FL, 2018 WL 1801419 (E.D.N.C. Apr. 16, 2018).

On October 27, 2017, on frivolity review of plaintiff's complaint, (DE 1-1), and amended complaint, (DE 13), and in response to magistrate judge's memorandum and recommendation ("M&R"), (DE 5), and supplemental M&R, (DE 10), the court adopted some recommendations of the M&R and supplemental M&R, and allowed plaintiff's following two claims to proceed:

> 1) §1983 claim against defendants Burrus, Coprew, Foltz, Lycett, Ryder, Turnage, McCarron, and Officer Does of the Kill Devil Hills police department arising under the Fourth Amendment[2] and
>
> 2) §1983 procedural due process claim against defendants Burrus, Corprew, Foltz, Harris, Hurd, Lycett, Matusko, Romm, and Ryder arising under the Fourteenth Amendment alleging injury to reputation regarding plaintiff's placement on the list of "responsible individuals" pursuant to N.C. Gen. Stat. § 7B-311.[3]

---

[2] These claims concern multiple allegations of defendants entering or attempting to enter plaintiff's home without proper authorization.

[3] N.C. Gen. Stat. § 7B-311 provides that the Department of Health and Human Services "shall maintain a central registry of abuse, neglect, and dependency cases and child fatalities that are a result of alleged maltreatment . . . ." as well as a "list of responsible individuals." Plaintiff has since indicated in filings to this court that she does not

Vaughan, 2017 WL 4872484, at *9.

On April 9, 2018, defendants Shannon Foltz, Samantha Hurd, Kristen Harris, Kathlyn Romm, Stephanie Ryder, Chuck Lycett, Melanie Corprew, Jay Burrus, Melissa Turnage, and Katherine McCarron (collectively, "DSS defendants") filed motion for summary judgment. (DE 60). On April 11, 2018, defendant Matusko filed motion for summary judgment. (DE 65).

On April 16, 2018, the court entered case management order ("CMO"), providing that 1) discovery will be commenced and served in time to be completed by July 15, 2018, 2) no more than 25 interrogatories, including all discrete subparts, will be served on any other party, with one "party" defined as plaintiff, one as DSS defendants, and one as defendant Matusko, and 3) plaintiff's response to defendants' motions for summary judgment was due on August 15, 2018. (DE 69 at 2, 5).[4]

On July 2, 2018, plaintiff filed the instant motion for amendment of number of plaintiff interrogatories, seeking to propound additional interrogatories on DSS defendants beyond the 25 provided for by the court in its CMO. (DE 83).[5] On the same day, plaintiff filed the instant motion for extension of time, seeking additional time for both discovery and to file responses to defendants' motions for summary judgment. (DE 84). Defendants filed opposition to both motions. (DE 90, DE 93). Plaintiff filed reply to defendants' opposition in briefing entitled "response to defendants'

---

know whether or not she has been placed on this list. (See, e.g., DE 48 at 1, DE 72-1 at 98, DE 80 at 98, DE 98 at 6).

[4] On May 15, 2018, plaintiff filed motion to amend complaint, in which plaintiff sought to add now identified officers Mike Sudduth and Carl White, previously identified as "officer does." (DE 72). The court granted plaintiff's motion to the extent plaintiff sought to add these defendants. (DE 79). Summons was issued as to these two defendants on August 6, 2018. (DE 105).

[5] Based on filings by plaintiff, it appears that she originally served a total of 244 interrogatories on these defendants. (DE 84-1). DSS defendants' counsel returned these interrogatories as excessive given the court's order in its CMO. (Id.).

3

motions to dismiss plaintiff's requests for extension of time and increased number of interrogatories and motion to compel." (DE 97).[6]

On July 11, 2018, defendant Matusko filed motion to dismiss for failure to state a claim, (DE 91), which plaintiff has responded to on August 1, 2018, to which defendant replied on August 14, 2018.[7]  Finally, on August 24, 2018, plaintiff filed the instant motion to strike correct and request for documents.  (DE 117).[8]

**COURT'S DISCUSSION**

As previously held by the court, plaintiff is allowed to proceed on only two issues: 1) whether her Fourth Amendment rights were violated when her home was entered by defendants and 2) whether her reputation was injured, and thus her Fourteenth Amendment rights violated, by allegations concerning her placement on the list of responsible individuals pursuant to N.C. Gen. Stat. § 7B-311.

Defendants argue that given the limited nature of these two issues, further interrogatories and further time for discovery and to respond to defendants' motions for summary judgment is unnecessary.  (DE 90, DE 93).  However, in an abundance of caution and taking into account plaintiff's pro se status, the court determines plaintiff should be allowed a limited number of additional interrogatories and should be afforded a limited amount of additional time to complete

---

[6] While request for time extension remained pending, plaintiff filed response to DSS defendants' motion for summary judgment.  (DE 108).

[7] On August 27, 2018, plaintiff filed response to defendant's Matusko's reply concerning defendant Matusko's motion to dismiss.  (See DE 118).  Plaintiff is directed to the United States District Court, Eastern District of North Carolina, Local Civil Rules of Practice and Procedure, wherein replies are allowed, but discouraged, for non-discovery motions, and wherein no responses to replies are allowed.  See Local R. 7.1(g).

[8] In this motion, plaintiff makes mention of plaintiff's recently filed motion for reconsideration, filed at DE 98, indicating plaintiff's understanding that plaintiff's motion for reconsideration remains outstanding.  Plaintiff is directed to DE 111, wherein the court denied plaintiff's motion for reconsideration.

discovery and respond to defendants' motions for summary judgment.[9]

Defendants submit to the court "revised plaintiff interrogatories" and correctly argue that "plaintiff, by her interrogatories, seeks to re-litigate the state court custody proceedings involving her daughter and grandson." (DE 90 at 3; see also, e.g., DE 90-1 at 2 (plaintiff's interrogatory two, stating, "Explain, in detail, relevant to each law listed in this question, how you complied with the legally state and federally mandated procedures in seeking an order to remove EJV from his home and Plaintiff's custody on August 14, 2013 Laws: NC GS 7B-402, 403, 404, 405, 406, 407 (all parts a, b, c etc) , UCCJEA 205 (a), NC GS 50A 205 (a), NC GS 50A 209 (a, b & c), First, Fourth, Fifth, Fourteenth Amendments to the US Constitution.")).

Therefore, the court cautions plaintiff that additional interrogatories she may serve on DSS defendants may only concern the two issues the court has found plaintiff is allowed on which to proceed and may not be used to re-litigate matters already decided by the court.

## CONCLUSION

Based on the foregoing, plaintiff's motion for amendment of number of plaintiff interrogatories, (DE 83), and plaintiff's motion for extension of time for discovery and to file response to summary judgment, (DE 84), are GRANTED.[10]

---

[9] Plaintiff additionally alleges in her filings that "Defendants decline to communicate with Plaintiff by methods other than snail mail," including with regard to accepting interrogatories from plaintiff electronically. (DE 84 at 2). Defense counsel is reminded that the local rules provide that "Counsel are encouraged to provide interrogatories in electronic form to facilitate responses." Local. R. 33.1.

[10] Plaintiff's motion entitled, in part, motion to compel, at DE 97, is solely a reply to defendants' opposition found at DE 90 and DE 93 and does not contain substance in support of a motion to compel nor seeks other relief from the court. Thus, the court DIRECTS the clerk to remove indication from the docket that plaintiff's filing is a motion seeking relief from the court. Additionally, the court reminds plaintiff that "[r]eplies are not permitted in discovery disputes." Local R. 7.1(g)(2). Additionally, plaintiff's motion to strike correct and request for documents, at DE 117, is DENIED. It is not the province of the court at this time to resolve factual disputes between the parties, and plaintiff's request for discovery appears to be rendered moot by the court's holding above, allocating additional interrogatories to plaintiff to be served on defendants.

Accordingly, the court amends its CMO solely to the extent as herein specified:

1.  All discovery, limited to the additional interrogatories provided to plaintiff as detailed below, shall be commenced or served in time to be completed by **October 12, 2018**. Take note plaintiff that you must serve this additional discovery no later than **September 7, 2018.**

2.  Plaintiff is allowed to propound an **additional 25 interrogatories** on DSS defendants concerning only the following two issues: 1) whether plaintiff's Fourth Amendment rights were violated when her home was entered by defendants and 2) whether her reputation was injured, and thus her Fourteenth Amendment rights violated, by allegations concerning her placement on the list of responsible individuals pursuant to N.C. Gen. Stat. § 7B-311.

3.  Plaintiff has an **additional 90 days, up to and including November 12, 2018,** wherein she may respond or supplement response to defendants' motions for summary judgment. Defendants will have **14 days** thereafter to file replies, if any.

Thereafter, the court will take up and decide defendant Matusko's motion to dismiss and defendant Matusko and DSS defendants' motions for summary judgment.

SO ORDERED, this the 28th day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge