

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:16-CV-61-FL

| | | |
|---|---|---|
| SUSAN W. VAUGHAN PLAINTIFF, | ) ) ) ) ) ) | MOTION TO STRIKE DSS DEFENDANTS' EXHIBITS CONTAINING ALLEGATIONS ON WHICH PLAINTIFF WAS DENIED OPPORTUNITY to be HEARD |
| v | | |
| SHANNON FOLTZ, et al DEFENDANTS | ) ) | and to Allow Plaintiff's Exhibits as Evidence |

**Motion DENIED.**
This the 5th day of September, 20$^{18}$.
/s/Louise W. Flanagan, U.S. District Judge

***************************************************************************

COMES NOW Plaintiff Susan Vaughan requesting, pursuant to Local Rule and 7.1 (a), that the Court Strike from the record Defendants' Exhibit 8 in part containing the petition allegations. In support of her request, Plaintiff states the following:

1. The allegations are either false, distorted, fabricated, based upon unreliable witness and/or irrelevant to the legal definitions of either Neglect Abuse or Dependency.

2. All but one or two allegations stated on the Currituck Petition were carried over, verbatim from Dare County after Plaintiff was FOUR TIMES denied her constitutional and statutory right to be heard regarding those allegations, all of which she could have challenged if given the opportunity.

3. Plaintiff had filed a Motion in state district court to strike all the testimony that arose out of those hearings that violated Plaintiff right to respond to said allegations.

4. Before repeating Dare DSS allegations and adding more false allegations of their own, no Currituck Caseworker ever conducted a face-to-face or any investigation involving Plaintiff, as required by 10A N.C. Admin. Code 70A.0106(f) (2007), cited in Plaintiff's RESPONSE TO DSS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

1

5. Currituck DSS agents had no first-hand knowledge of any of the allegations they made in regard to Plaintiff, who they named as the only respondent to the Currituck case and accused her maliciously of "serious neglect," never providing any evidence supporting their accusations.

6. The allegations are untrue and they continue to stigmatize and harm Plaintiff's reputation.

7. It is contrary to justice to present allegations, to which Plaintiff was denied her due process right to challenge as evidence in this case.

Therefore Plaintiff respectfully requests that Defendants Exhibit 8, as noted above be stricken from the record, as well as any continued derogatory remarks that Plaintiff has sown confusion, muddied the waters or in any way caused the Court's and Defendants' misstatement of her claims regarding the RIL.

This the 29th day of August, 2018

_____
Susan Vaughan, 613 Fifth Avenue, Unit 1, Greensboro, NC 27405, 252-305-9992, wellsvaughan@gmail.com

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion to Strike** was mailed to Eastern District Court in New Bern, NC this day via US Postal Service and copies were also mailed this day, via US Postal Service, to Parties and/or Parties' Counsel at the addresses listed below.

| | | |
|---|---|---|
| Christopher J. Geis | Officers Mike Sudduth & | Josh Stein |
| Womble Bond Dickinson | Carl White | Kathryn Shields |
| One West Fourth St. | c/o Kill Devil Hills Police Dept | NC DOJ |
| Winston-Salem, NC 27101 | 102 Town Hall Dr. | PO Box 629 |
| | Kill Devil Hills, NC 27948 | Raleigh, NC 27602 |

This the 29th day of August, 2018

_____
Susan Vaughan, 613 Fifth Avenue, Unit 1, Greensboro, NC 27405, 252-305-9992, wellsvaughan@gmail.com

2