IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:16-CV-61-FL

| | | |
|---|---|---|
| SUSAN W. VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHANNON FOLTZ an individual, | ) | |
| SAMANTHA HURD an individual, | ) | |
| KRISTEN HARRIS an individual, | ) | |
| KATHLYN ROMM an individual, RAY | ) | |
| MATUSKO an individual, STEPHANIE | ) | |
| RYDER an individual, CHUCK LYCETT | ) | |
| an individual, MELANIE CORPREW an | ) | |
| individual, JAY BURRUS an individual, | ) | |
| DOES 1-10 individuals, MELISSA | ) | |
| TURNAGE, KATHERINE | ) | |
| MCCARRON, OFFICER MIKE | ) | |
| SUDDUTH, and OFFICER CARL | ) | |
| WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motions for relief of judgment (DE 172) and

to correct same (DE 174). For the reasons stated below, the motion to correct is granted and the

motion for relief of judgment is denied.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action by filing motion for leave to proceed

in forma pauperis and proposed complaint, asserting claims for violations of her constitutional

rights pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from defendants' alleged

involvement in the removal of plaintiff's adult daughter and minor grandchild from plaintiff's

home pursuant to North Carolina statutes governing welfare of minors and disabled adults.    The court granted defendants' motions for summary judgment and to dismiss on March 19, 2019, and the judgment was affirmed on direct appeal.    Plaintiff filed the instant motion for relief from the judgment on August 10, 2022, asserting that defendants committed fraud on the court by producing fraudulent discovery responses.    The motion was briefed fully.    Plaintiff also moves to correct certain errors in her initial motion for relief.

## COURT'S DISCUSSION

In her motion to correct, plaintiff acknowledges factual errors in the original motion for relief from judgment and provides proposed revisions to account for the errors.    The motion to correct is GRANTED and the court considers the motion for relief from judgment as amended by the motion to correct.

Plaintiff moves for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(d)(3), arguing that defendants Kathlyn Romm ("Romm") and Ray Matusko's ("Matusko") responses to plaintiff's interrogatories were fraudulent and that the court therefore should vacate the judgment.    As a threshold issue, the court addresses the distinction between Rules 60(b)(3) and 60(d)(3), both of which allow litigants to seek relief from a judgment on the basis of certain fraudulent conduct occurring during the litigation.    Pursuant to Rule 60(b)(3), a party may seek relief from the judgment based on fraud committed by an opposing party.    Fed. R. Civ. P. 60(b)(3).    These motions must be made within one year of entry of the judgment.    See Fed. R. Civ. P. 60(c)(1).    Plaintiff acknowledges that her motion was brought more than one year after entry of judgment in this case, and she therefore cannot seek relief under Rule 60(b)(3).    (See Pl's Reply (DE 175) at 2); Fed. R. Civ. P. 60(c)(1).

2

Rule 60(d)(3), by contrast, provides that the court may set aside a judgment at any time for "fraud on the court." Fed. R. Civ. P. 60(d)(3). Such motions "permit[] a court to exercise its inherent equitable powers to obviate a final judgment after one year for fraud on the court." Fox ex rel. Fox v. Elk Run Coal Co., Inc., 739 F.3d 131, 135–36 (4th Cir. 2014). Fraud on the court is thus distinct from ordinary fraud, and the doctrine must be "construed very narrowly" to prevent litigants from circumventing the time restrictions applicable to motions under Rule 60(b)(3). See id.; Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1356 (4th Cir. 1982). Fraud on the court requires "an intentional plot to deceive the judiciary" and it must "touch on the public interest in a way that fraud between individual parties generally does not." Fox, 739 F.3d at 136. Fraud "between the parties," even if it rises to the level of perjury or fabricated evidence, is "not adequate to permit relief as fraud on the court." Id.; Great Coastal, 675 F.2d at 1357.

Plaintiff argues that defendants Matusko and Romm perjured themselves in their responses to her interrogatories. According to plaintiff, defendant Romm's sworn statement that she complied with North Carolina procedural rules during the underlying state court proceedings was false, and defendant Matusko failed to identify a relevant witness in his interrogatory response. Plaintiff asserts that in the absence of such fraud, she could have provided evidence sufficient to withstand defendants' motion for summary judgment.

Even assuming that the allegations in plaintiff's instant motion are true, they do not amount to fraud on the court under Rule 60(d)(3). As set forth above, perjured or even fabricated discovery responses are insufficient to establish fraud on the court. See Fox, 739 F.3d at 136. Plaintiff also has not established that the "integrity of the court and its ability to function

impartially is directly impinged" by the alleged fraud.   See id. (quotations omitted).   Even if

defendants Romm and Matusko's discovery responses are fraudulent in the ways plaintiff asserts,

the new information plaintiff alleges that she has now uncovered would not change the court's

analysis of plaintiff's claims.   See Vaughan v. Foltz, No. 2:16-CV-61-FL, 2019 WL 1265055

(E.D.N.C. Mar. 19, 2019); Vaughan v. Foltz, No. 2:16-CV-61-FL, 2017 WL 4872484 (E.D.N.C.

Oct. 27, 2017).

## CONCLUSION

Based on the foregoing, plaintiff's motion for relief of judgment (DE 172) is DENIED.

Plaintiff's motion to correct (DE 174) is GRANTED.

SO ORDERED, this the 18th day of October, 2022.

LOUISE W. FLANAGAN
United States District Judge

4